IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL JONES,

      Petitioner,

v.                                    Civil action no. 1:04CV223
                                       Criminal action no. 1:03CR5
                                       (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

**REPORT AND RECOMMENDATION/OPINION**

**I. INTRODUCTION**

On October 13, 2004, the petitioner filed a "Motion to Construe Letter Dated April 12, 2004 as 28 U.S.C. §2255/or to Allow the Petitioner to File an Out-of-Time 2255, Based on the Government's Breach of the Plea Agreement." Along with his motion, the petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

On November 29, 2004, the petitioner filed Motion for Copies of the District Court Records Pursuant to Title 28 U.S.C. 753(b) & (f). On May 2, 2005, the petitioner filed a Motion to Compel Show Cause Order to the Government/and for Production of Copies of the Records that have been Requested. On May 9, 2005, the petitioner requested appointment of counsel.

This matter is pending before me for initial review and report and recommendation pursuant LR PL P 83.15.

**II. FACTS**

On May 30, 2003, the petitioner pled guilty to distribution of cocaine base in violation of 21 U.S.C. §§841 and 841(b)(1)(C). On September 12, 2003, the Court sentenced the petitioner to 150

months imprisonment. The Judgment and Commitment Order was entered on September 16, 2003. The petitioner did not appeal his conviction.

By letter dated April 12, 2004, the petitioner requested the Court's assistance in obtaining a Rule 35 motion. In response, the Honorable Irene M. Keeley, United States District Judge, advised the petitioner by letter dated April 23, 2004 as follows:

> Pursuant to Rule 35 of the Federal Rules of Civil [sic] Procedure, the Government has the discretion whether to make such motion. It is my understanding that the Government has not yet determined whether it will make a Rule 35 motion. At this point, there is nothing that Court can do regarding this matter.

In his Motion to Construe Letter Dated April 12, 2004, as 28 U.S.C. §2255/ or to Allow the Petitioner to File an Out of Time 2255, Based on the Government's Breach of the Plea Agreement, the petitioner acknowledged receipt of Judge Keeley's letter, but he asserts that "the one year has passed and still the government has failed to keep its promise and file the Petitioner's motion for reduction of his sentence; therefore, it is now requested that this Honorable Court construe his letter dated April 12, 2004 as his timely 2255/or allow the Petitioner to file an out-of-time 2255 based on the Government's impediment."

In his form §2255 motion, the petitioner only asserts that the Government breached the plea agreement when it failed to file a motion under Rule 35 as promised based on the petitioner's assistance.

On December 3, 2004, the Court received a letter from the petitioner in which he seeks the Court's help and asserts as follows:

> The Government has said that I didn't give them enough information on the people they were asking me about and I went to the Grand Jury and testify on person and Mr. John Parr of Wheeling, WV said I did fin[e] and he said that he would help me out on my time reduction. Now I got this paper in the mail saying that he did not even put it in, and said I didn't give him enough information and he could not do

2

anything for me.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Under subsection one, the petitioner's §2255 motion is untimely. For purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered his judgment of conviction if the petitioner did not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001).[2] The petitioner did not file a direct appeal. Thus, his conviction

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] In slip opinions, the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina have extended the rule in Clay v. United States, 537 U.S. 522

became final on September 16, 2003, when his judgment and commitment order was entered, and he had one year, or until September 16, 2004, to file a timely §2255 motion. However, the petitioner did not file his §2255 motion until October 13, 2004. Thus, the §2255 motion is untimely. Even if the petitioner's conviction did not become final until the 10 day appeal expired, the motion is still untimely as is the petitioner's "Motion to Construe Letter dated April 12, 2004 as 28 U.S.C. §2255/or to Allow the Petitioner to File an Out-of-Time 2255, Based on the Government's Breach of the Plea Agreement." Further, the petitioner's assertion that the Government created an impediment to his filing a timely §2255 motion by failing to file a Rule 35(b) motion is without merit. The undersigned finds that the Government did not create an impediment to his filing a §2255 motion. The petitioner could have filed a §2255 motion anytime he wanted. Thus, the undersigned finds that the petitioner's §2255 motion and Motion to Construe Letter are untimely.

Even if the Motion to Construe Letter were timely filed, the Court would not be able to construe his April 13, 2004 letter as a §2255 motion because at that point, the only relief the petitioner requested was the Court's assistance in obtaining a Rule 35 motion. There is no way to construe the April 13, 2004 letter as a §2255 motion based on breach of the plea agreement. Such would required the Court to formulate the petitioner's claims which it cannot do. See Small v. Endicott, 998 F.2d 411 (7th Cir. 1993); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

---

(2003)(When a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires), to instances were no direct appeal has been filed to determine that the conviction becomes final after the 10 day appeal period has elapsed, not when the judgment is entered. See Hammack v. United States, 2005 WL 1459767 (W.D. Va. 2005); Langley v. United States, 2005 WL 1114316, *1 (M.D.N.C.2005); and Arnette v. United States, 2005 WL 1026711 (E.D. Va. 2005).

Additionally, the undesigned finds that even if motion were timely, it is without merit. According to the Fourth Circuit, the Government has the discretion to determine whether to make a motion for a reduction in a defendant's sentence for rendering substantial assistance. See United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). However, the Government may not withhold such motion that it is obligated to make by the terms of the plea agreement. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 513 U.S. 910 (1994). Further, the Government may not withhold a motion for substantial assistance for an unconstitutional reason, such as race or religion, or for a reason "not rationally related to a legitimate Government end." Wade v. United States, 504 U.S. 181, 185-86 (1992). The defendant has the burden of establishing that the Government's refusal to make a substantial assistance motion violates one of the two limitations on its discretion or breaches the plea agreement. See Id.; Dixon, 998 F.2d at 230.

Here, the plea agreement did not indicate that the Government agreed to file a Rule 35 motion. Instead, the agreement merely provided that any information obtained by the petitioner would be made known to the sentencing court. Further, the petitioner has not alleged that the Government withheld the Rule 35 motion because of an unconstitutional reason or a reason not rationally related to a legitimate Government end. Thus, the petitioner's claim is without merit.

## IV. <u>MISCELLANEOUS MOTIONS</u>

On November 29, 2004, the petitioner filed a Motion for Copies of the District Courts Records Pursuant to Title 28 U.S.C. 753(b) and (f) in which the petitioner states he filed his petition without a memorandum and needs a copy of the indictment, plea agreement, plea hearing transcripts, sentencing transcripts, police reports, and docket sheet to fully address the Court.[3]

---

[3]On May 2, 2005, the Court sent the petitioner a copy of the Court's docket sheet.

On May 2, 2005, the petitioner filed a Motion to Compel Show Cause Order to the Government/and for Production of Copies of the Records that have been Requested.

The undersigned finds that the requested documents are not necessary for the petitioner to pursue his motion. Thus, the petitioner's November 9, 2004 and May 2, 2005 motions should be denied.

On May 9, 2005, the petitioner requested that Craig P. Erhard, Esquire, be appointed to help in obtaining a Rule 35 reduction. The authority for the Court to appoint counsel in a § 2255 action is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). Because the undersigned has found that the petitioner's §2255 motion is without merit, appointment of counsel is not necessary. Thus, the undersigned recommends that the petitioner's motion for counsel be denied.

## V. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order DENYING the petitioner's §2255 motion, "Motion to Construe Letter Dated April 12, 2004 as 28 U.S.C. §2255/or to Allow the Petitioner to File an Out-of-Time 2255, Based on the Government's Breach of the Plea Agreement," Motion for Copies of the District Courts Records Pursuant to Title 28 U.S.C. 753(b) and (f) motion to compel, Motion to Compel Show Cause Order to the Government/and for Production of Copies of the Records that have been Requested, and Motion for Counsel.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: July 20, 2005

/s *John S. Kaull*
     **JOHN S. KAULL**
     **UNITED STATES MAGISTRATE JUDGE**