IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL JONES,**

       **Petitioner,**

**v.**                                            **CIVIL NO. 1:04CV223**
                                               **CRIMINAL NO. 1:03CR5**
                                                    **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION

On May 30, 2003, the petitioner pled guilty to distribution of cocaine base in violation of 21 U.S.C. §§ 841 and 841(b)(1)(C). On September 12, 2003, this Court sentenced the petitioner to 150 months imprisonment. The Judgment and Commitment Order was entered on September 16, 2003. The petitioner did not appeal his conviction.

By letter dated April 12, 2004, the petitioner requested the Court's assistance in obtaining a Rule 35 motion. In response, this Court advised the petitioner by letter dated April 23, 2004 as follows:

> Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the Government has the discretion whether to make such motion. It is my understanding that the Government has not yet determined whether it will make a Rule 35 motion. At this point, there is nothing that Court can do regarding this matter.

In his Motion to Construe Letter Dated April 12, 2004, as 28 U.S.C. § 2255/ or to Allow the Petitioner to File an Out of Time

2255, based on the Government's Breach of the Plea Agreement, the petitioner acknowledged receipt of Judge Keeley's letter, but he asserts that "the one year has passed and still the government has failed to keep its promise and file the Petitioner's motion for reduction of his sentence; therefore, it is now requested that this Honorable Court construe his letter dated April 12, 2004 as his timely 2255/or allow the Petitioner to file an out-of-time 2255 based on the Government's impediment."

In his form § 2255 motion, the petitioner only asserts that the Government breached the plea agreement when it failed to file a motion under Rule 35 as promised based on the petitioner's assistance.

On December 3, 2004, the Court received a letter from the petitioner in which he seeks the Court's help and asserts as follows:

> The Government has said that I didn't give them enough information on the people they were asking me about and I went to the Grand Jury and testify on person and Mr. John Parr of Wheeling, WV said I did fin[e] and he said that he would help me out on my time reduction.  Now I got this paper in the mail saying that he did not even put it in, and said I didn't give him enough information and he could not do anything for me.

On July 20, 2005, United States Magistrate Judge John S. Kaull entered a Report and Recommendation recommending that the

2

petitioner's claim be dismissed with prejudice as both untimely and without merit. He also recommended that all of the other pending motions in the case be dismissed based upon the petitioner's claim being untimely and without merit.

On September 2, 2005, the petitioner filed objections to the Report and Recommendation. In his objections, petitioner baldly reasserts that the R&R is wrong in determining that his petition is untimely. The petitioner fails to assert any reasoning except for his previous assertion that the April 12, 2004 letter should have been construed as a § 2255 petition.

On the substantive merits, the petitioner argues that the magistrate judge erred in finding that there is no way to construe the April 12, 2004 letter as a § 2255 motion because the only relief the petitioner requested was assistance in obtaining a Rule 35 motion. The basis for this argument is that the letter was sufficient to put the Court on notice of the alleged breach of the plea agreement. The petitioner asserts the power to amend his "complaint" under the "relation back" rule of Fed. R. Civ. P. 15(a).

The petitioner also argues that the government failed to "make known the full extent of the petitioner's cooperation at sentencing" in breach of the plea agreement. He argues that he

continued to cooperate with the government based on the promise of a Rule 35(b) motion and that the government failed to keep its promise for an "unconstitutional reason, or for reasons not rationally related to a legitimate government end."

The petitioner objects to the Magistrate Judge's finding that the plea agreement never promised a Rule 35(b) or 5K1.1 motion by reasserting that the government promised to make known "any information" to this Court at sentencing.

### III. ANALYSIS

In reviewing a § 2255 report and recommendation from a magistrate judge, a district court reviews those areas the petitioner objects to <u>de</u> <u>novo</u> but may affirm any area not objected to without detailed review.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

> The limitation period shall run from the last of:
> (1) the date on which the judgment of conviction becomes final;

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), <u>cert. denied</u>, 523 U.S. 371 (1998).

4

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Under <u>de novo</u> review, it is clear that, under subsection one, the petitioner's § 2255 motion is untimely. For purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered his judgment of conviction if the petitioner did not pursue direct appellate review. <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir. 2001), <u>cert. denied</u>,534 U.S. 1032 (2001).[2]

---

[2] In slip opinions, the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina have extended the rule in<u>Clay v. United States</u>, 537 U.S. 522 (2003)(When a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires), to instances were no direct appeal has been filed to determine that the conviction becomes final after the 10 day appeal period has elapsed, not when the judgment is entered. See <u>Hammack v. United States</u>, 2005 WL 1459767 (W.D. Va. 2005); <u>Langley v. United States</u>, 2005 WL 1114316, *1 (M.D.N.C.2005); and <u>Arnette v. United States</u>, 2005 WL 1026711 (E.D. Va. 2005).

5

The petitioner did not file a direct appeal. Thus, his conviction became final on September 16, 2003, when his judgment and commitment order was entered, and he had one year, or until September 16, 2004, to file a timely § 2255 motion. However, the petitioner did not file his § 2255 motion until October 13, 2004. Thus, the § 2255 motion is untimely. Even if the petitioner's conviction did not become final until the 10 day appeal expired, the motion is still untimely as is the petitioner's "Motion to Construe Letter dated April 12, 2004 as 28 U.S.C. § 2255/or to Allow the Petitioner to File an Out-of-Time 2255, Based on the Government's Breach of the Plea Agreement."

Further, the petitioner's assertion that the Government created an impediment to his filing a timely § 2255 motion by failing to file a Rule 35(b) motion is without merit. This Court finds that the Government did not create an impediment to his filing a § 2255 motion. The petitioner could have filed a § 2255 motion anytime he wanted. Thus, this Court finds that the petitioner's § 2255 motion and Motion to Construe Letter are untimely.

Even if the Motion to Construe Letter were timely filed, the Court would not be able to construe his April 13, 2004 letter as a

§ 2255 motion because, at that point, the only relief the petitioner requested was the Court's assistance in obtaining a Rule 35 motion. There is no way to construe the April 13, 2004 letter as a § 2255 motion based on breach of the plea agreement. As the Magistrate Judge stated, such would required the Court to formulate the petitioner's claims which it cannot do. See Small v. Endicott, 998 F.2d 411 (7th Cir. 1993); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). The petitioner's assertion of "relation back," is really nothing more than another disguised attempt to convince this Court to formulate the petitioner's claims.

Additionally, this Court finds that even if that motion were timely, it is without merit. According to the Fourth Circuit, the Government has the discretion to determine whether to make a motion for a reduction in a defendant's sentence for rendering substantial assistance. See United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993). However, the Government may not withhold such motion that it is obligated to make by the terms of the plea agreement. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 513 U.S. 910 (1994). Further, the Government may not withhold a motion for substantial assistance for an unconstitutional reason, such as race or religion, or for a reason "not rationally related to a

legitimate Government end." Wade v. United States, 504 U.S. 181, 185-86 (1992). The defendant has the burden of establishing that the Government's refusal to make a substantial assistance motion violates one of the two limitations on its discretion or breaches the plea agreement. See Id.; Dixon, 998 F.2d at 230.

Here, the plea agreement did not indicate that the Government agreed to file a Rule 35 motion. Instead, the agreement merely provided that any information obtained by the petitioner would be made known to the sentencing court. This language does not equal a promise of a Rule 35 motion. Further, the petitioner has baldly alleged that the Government withheld the Rule 35 motion because of an unconstitutional reason or a reason not rationally related to a legitimate Government end but has failed to provide one shred of evidence, other than his assertion. Thus, the petitioner has failed to carry his burden of proof and the petitioner's claim is without merit.

The petitioner failed to object to the recommendation that his pending motions be dismissed with prejudice. Therefore, this Court **ADOPTS** those recommendations without conducting de novo review on those issues and **DISMISSES WITH PREJUDICE** petitioner's Motion to Compel (Docket No. 3 in 1:04CV23 and Docket No. 28 in 1:03CR5), Motion to Appoint Counsel (Docket No. 4 in 1:04CV23 and Docket No.

29 in 1:03CR5), Motion to Amend/Correct (Docket No. 9 in 1:04CV23 and Docket No. 34 in 1:03CR5), and Motion to Compel (Docket No. 11 in 1:04CV23 and Docket No. 36 in 1:03CR5).

Accordingly, the Court **ORDERS** that Magistrate Judge Kaull's Report and Recommendation is **ADOPTED** in whole, the petitioner's motion under 28 U.S.C. § 2255 is **DENIED**, and that this case is **DISMISSED WITH PREJUDICE** and **STRICKEN** from this Court's docket.

Pursuant to 28 U.S.C. § 2253 and F.R.A.P. Rules 3 and 4, the Court advises the petitioner of his right to file a notice of appeal of this Order and the judgment that will be entered on the same date.  Mr. Jones shall file any notice of appeal with the Clerk of Court within sixty (60) days of the date of entry of this Order.  Any notice of appeal must comply fully with F.R.A.P. Rules 3 and 4.  However, he may not appeal unless he obtains a certificate of appealability either from this Court or from the Fourth Circuit Court of Appeals, by filing a written request for a certificate of appealability.  See 28 U.S.C. § 2253.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order and a copy of Rules 3 and 4 of the Federal Rules of Appellate Procedure to the

petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: September 21, 2007

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE